UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-619 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| ORIENTAL FOREST PALACE, INC., | ) | |
| et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

       This is a civil action by the Secretary of Labor alleging a violation of defendants' minimum wage, overtime, and record-keeping obligations under the Fair Labor Standards Act. The action was initiated in June 2007, and the original case management order was entered on November 9, 2007. Presently pending before the court is the Secretary's motion for imposition of discovery sanctions under Rule 37(b) of the Federal Rules of Civil Procedure, arising from defendants' complete failure to obey this court's discovery order of September 2, 2008. For the reasons set forth below, I conclude that plaintiff's motion is meritorious and should be granted and that an order should be entered under Fed. R. Civ. P. 37(b)(2)(A)(ii) prohibiting defendants from opposing plaintiff's claims, for purposes of establishing liability only.

**Findings of Fact**

       1.      On March 12, 2008, the Secretary served interrogatories and requests for production of documents on counsel for defendants, Tian Li. At a settlement conference conducted

on March 28, 2008, defense counsel acknowledged receipt of the Secretary's discovery requests and asked that they be resubmitted to him by e-mail. Counsel for the Secretary complied with this request on April 3, 2008. Defense counsel thereafter requested and obtained informal extensions of time from counsel for the Secretary, on the basis of difficulties in procuring the needed information.

2. On July 25, 2008, defense counsel produced some documents in response to the Secretary's discovery requests. Counsel for the Secretary complained that the continued delay in responding to the discovery was prejudicial to the Secretary's preparation of her case. Defense counsel stated that the delay was caused by the clients and that for this reason he would acquiesce in an extension of the dates and deadlines set forth in the case management order. By letter dated July 25, 2008, defense counsel acknowledged the situation and promised that the interrogatory answers would be submitted "as soon as possible."

3. On August 1, 2008, the Secretary filed a motion to compel discovery (docket # 24), asserting defendants' continued failure to respond to the discovery requests served nearly five months earlier. Under Local Civil Rule 7.1(a), defendants were required to file and serve a brief in response to the discovery motion. Defendants failed to do so.

4. On September 2, 2008, this court entered an order granting the Secretary's unopposed motion to compel discovery. The order (docket # 30) compelled defendants to submit responses to plaintiff's March 12, 2008 interrogatories and document requests no later than September 19, 2008. The order also extended the discovery and dispositive motion deadlines, in light of the delay in the case caused by defendants. The order concluded with this emphatic warning:

> **Defendants are warned that violation of this order may result in the imposition of sanctions under Rule 37(b), including the entry of a default judgment.**

      5.      The court-imposed deadline of September 19, 2008, expired without any action by defendants. On October 3, 2008, the Secretary filed a motion for sanctions (docket # 31). The Secretary's motion recited the foregoing series of events and asked for the imposition of sanctions under Rule 37(b) for violation of this court's discovery order. Again, defendants failed to file a written response to the motion for sanctions, in violation of Local Rule 7.1(a).

      6.      By minute order entered October 6, 2008, District Judge Janet T. Neff referred the Secretary's motion for sanctions to me pursuant to 28 U.S.C. § 636(b)(1)(A). On the same day, a notice of motion hearing was issued, establishing a hearing for October 24, 2008, at 10:00 a.m.

      7.      When court convened on October 24, 2008, shortly after 10:00 a.m., counsel for the Secretary appeared, but no one appeared on behalf of defendants. The court's staff called defense counsel, who claimed that he did not know about the hearing.

      8.      The record discloses that defendants have completely failed to abide by this court's discovery order entered September 2, 2008, and defendants have advanced no substantial reason for their failure, despite the opportunity to do so both in writing and in person.

**Discussion**

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery. Rule 37(b) sanctions are discretionary, and are reviewed by the Court of Appeals under an abuse-of-discretion standard. *See Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997). The strongest sanction available in the court's arsenal for dealing with discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff. *See Grange Mut. Cas. Co. v. Mack*, 270 F.

App'x 372, 376 (6th Cir. 2008). In determining the appropriate sanction, the Sixth Circuit has directed trial courts to consider four factors (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. 103 F.3d at 1277; *see Peltz v. Moretti*, No. 07-3338, 2008 WL 4181188, at * 4 (6th Cir. Sept. 11, 2008); *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

All four factors weigh heavily in favor of preclusive sanctions in the present case. First, defendants have ignored both their obligations under the Federal Rules of Civil Procedure and the orders of this court. Defendants have not responded, except in a cursory way, to the discovery requests served on them over seven months ago. When plaintiff moved to compel discovery, defendants ignored the motion. Likewise, when the Secretary moved for the imposition of sanctions, defendants ignored the motion and failed to appear at the motion hearing. In these circumstances, it is patent that defendants are acting wilfully and in bad faith. Furthermore, defense counsel has acknowledged that the fault lies with his clients. Second, the Secretary has been utterly prejudiced by defendants' conduct. Defendants' boycotting of this proceeding has been complete. They have provided the Secretary with no written discovery, and the Secretary has been unable to prepare her case in any fashion. The extended discovery deadline has now elapsed. Defendants have derailed the orderly progress of this case towards trial and have deprived the Secretary of any ability to prepare the case on its merits. Third, defendants were explicitly warned in this court's discovery

order that violation of the order could lead to the imposition of sanctions. Finally, less drastic sanctions have not been effective. When entering the discovery order, the court assumed that a warning to defendants, contained in an order of a federal court, would be sufficient to get their attention. Thereafter, defendants did absolutely nothing to discharge their obligations under the order or the Rules of Civil Procedure.

In the circumstances of this case, the least drastic sanction necessary to prevent prejudice to the Secretary while preserving the orderly progression of this case is an order precluding defendants from contesting liability for the claims set forth in the Secretary's complaint. This sanction, which is much less drastic than the entry of a default judgment, still allows defendants to contest the amount of damages and to advance any defense, such as mitigation or setoff, that goes only to the calculation of damages.

Defendants remain in violation of the court's September 2, 2008 order. Defendants will be ordered to submit responses to the outstanding discovery requests no later than November 14, 2008. In addition, the Secretary is entitled to an award of attorney's fees. Rule 37(b)(2)(C) provides that the court "must" order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by a failure to make discovery, unless the failure was substantially justified or other circumstances make an award of expenses unjust. In the present case, defendants have failed to advance any substantial justification for ignoring their discovery obligations for the past seven months, nor can the court conceive of any special circumstances that would make the award of expenses unjust. The court will grant the Secretary attorney's fees for six hours in connection with the motion to compel and ten hours in connection with the motion for sanctions, for which the Secretary's counsel was required to travel from Chicago

to Grand Rapids, Michigan, for a hearing that never took place.  The Secretary will be compensated at the rate of $100.00 per hour, a very low hourly rate for litigation services in this district.

The case management order will be amended to extend the deadline for discovery on damages issues only to March 1, 2009.

Finally, defendants will again be warned that further violations of their responsibilities in this case may lead to the entry of a default judgment in favor of the Secretary.


Dated:   October 27, 2008              /s/  Joseph G. Scoville
                                       United States Magistrate Judge