UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SECRETARY OF LABOR,                )
                                   )
                    Plaintiff,     )          Case No. 1:07-cv-619
                                   )
v.                                 )          Honorable Janet T. Neff
                                   )
ORIENTAL FOREST PALACE, INC.,      )
et al.,                            )          **REPORT AND RECOMMENDATION**
                                   )
                    Defendants.    )
_____)

   This is a civil action by the Secretary of Labor alleging a violation of defendants'

minimum wage, overtime, and record-keeping obligations under the Fair Labor Standards Act.  The

action was initiated in June 2007, and the original case management order was entered on November

9, 2007.  Presently pending before the court is the Secretary's motion for imposition of the sanction

of a default judgment under Rule 37(b) of the Federal Rules of Civil Procedure, arising from

defendants' complete failure to obey this court's discovery order of September 2, 2008, and failure

to abide by the discovery order and order for sanctions entered on October 27, 2008.

   District Judge Janet T. Neff has referred plaintiff's motion to me pursuant to 28

U.S.C. § 636(b)(1)(B) for the issuance of a report and recommendation.  I set the motion for hearing

on March 6, 2009, at 10:00 a.m.  Defendants failed to answer the motion, and they failed to appear

at the hearing.  The Secretary was represented at the hearing by Assistant Solicitor Richard Kordys,

who confirmed that defendants have not complied with any previous order and have not even

attempted to contact him about this case. For the reasons set forth below, I conclude that plaintiff's motion is meritorious and should be granted and that a default judgment should enter under Fed. R. Civ. P. 37(b)(2)(A)(vi) on all issues of liability.

## Proposed Findings of Fact

1. On March 12, 2008, the Secretary served interrogatories and requests for production of documents on counsel for defendants, Tian Li. At a settlement conference conducted on March 28, 2008, defense counsel acknowledged receipt of the Secretary's discovery requests and asked that they be resubmitted to him by e-mail. Counsel for the Secretary complied with this request on April 3, 2008. Defense counsel thereafter requested and obtained informal extensions of time from counsel for the Secretary, on the basis of difficulties in procuring the needed information.

2. On July 25, 2008, defense counsel produced some documents in response to the Secretary's discovery requests. Counsel for the Secretary complained that the continued delay in responding to the discovery was prejudicial to the Secretary's preparation of her case. Defense counsel stated that the delay was caused by the clients and that for this reason he would acquiesce in an extension of the dates and deadlines set forth in the case management order. By letter dated July 25, 2008, defense counsel acknowledged the situation and promised that the interrogatory answers would be submitted "as soon as possible."

3. On August 1, 2008, the Secretary filed a motion to compel discovery (docket # 24), asserting defendants' continued failure to respond to the discovery requests served nearly five months earlier. Under Local Civil Rule 7.1(a), defendants were required to file and serve a brief in response to the discovery motion. Defendants failed to do so.

4.      On September 2, 2008, this court entered an order granting the Secretary's unopposed motion to compel discovery.  The order (docket # 30) compelled defendants to submit responses to plaintiff's March 12, 2008 interrogatories and document requests no later than September 19, 2008.  The order also extended the discovery and dispositive motion deadlines, in light of the delay in the case caused by defendants.  The order concluded with this emphatic warning:

**Defendants are warned that violation of this order may result in the imposition of sanctions under Rule 37(b), including the entry of a default judgment.**

5.      The court-imposed deadline of September 19, 2008, expired without any action by defendants.  On October 3, 2008, the Secretary filed a motion for sanctions (docket # 31). The Secretary's motion recited the foregoing series of events and asked for the imposition of sanctions under Rule 37(b) for violation of this court's discovery order.  Again, defendants failed to file a written response to the motion for sanctions, in violation of Local Rule 7.1(a).

6.      By minute order entered October 6, 2008, District Judge Janet T. Neff referred the Secretary's motion for sanctions to me pursuant to 28 U.S.C. § 636(b)(1)(A).  On the same day, a notice of motion hearing was issued, establishing a hearing for October 24, 2008, at 10:00 a.m.

7.      When court convened on October 24, 2008, shortly after 10:00 a.m., counsel for the Secretary appeared, but no one appeared on behalf of defendants.  The court's staff called defense counsel, who claimed that he did not know about the hearing.

8.      On October 27, 2008, I issued a memorandum opinion (docket # 37) and order of sanctions (docket # 38).  The memorandum opinion recited the procedural history of the case and defendants' total failure to abide by their discovery obligations:  "The record discloses that defendants have completely failed to abide by this court's discovery order entered September 2,

2008, and defendants have advanced no substantial reason for their failure, despite the opportunity to do so both in writing and in person." (Mem. Op. ¶ 8). Applying the standards established by the Court of Appeals in *Regional Refuge Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988), and its progeny, the opinion found that severe sanctions were justified. The order (1) entered a default against defendants on all liability issues; (2) imposed monetary sanctions in the amount of $1,600.00; (3) ordered defendants to comply with the previous discovery order no later than November 14, 2008; and (4) amended the case management order to avoid prejudice to the Secretary. The order contained a second warning to defendants:

> **Defendants are warned that violation of this order may result in the imposition of further sanctions under Rule 37(b), including the entry of a default judgment.**

9.    November 14, 2008, the deadline for compliance with the October 27, 2008 order, elapsed without action by defendants.

10.    On February 12, 2009, the Secretary moved for the entry of a default judgment as a sanction for defendants' complete failure to abide by the court's orders. Judge Neff referred the motion to me, and I issued an order on February 17, 2009, requiring defendants to respond by March 2, 2009. Defendants failed to do so. The order scheduled the motion for hearing on March 6, 2009. Again, only plaintiff appeared.

11.    The complete failure of the defaulting defendants to comply with their discovery obligations has severely prejudiced the Secretary's ability to prosecute this case. The Secretary, because of the nature of FLSA actions, must rely upon the books and records of the employer defendant to establish both liability and damages. The Secretary is now forced to rely upon the

results of the administrative investigation that preceded this case, which may or may not be sufficient to establish the Secretary's case.

### Discussion

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery.  Rule 37(b) sanctions are discretionary, and are reviewed by the Court of Appeals under an abuse-of-discretion standard.  *See Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997).  The strongest sanction available in the court's arsenal for dealing with discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff.  *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).  In determining the appropriate sanction, the Sixth Circuit has directed trial courts to consider four factors (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered.  103 F.3d at 1277; *see Peltz v. Moretti*, 292 F. App'x 475, 479 (6th Cir. 2008); *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

All four factors weigh heavily in favor of preclusive sanctions in the present case. First, defendants have ignored both their obligations under the Federal Rules of Civil Procedure and the orders of this court.  Defendants have not responded, except in a cursory way, to the discovery requests served on them one year ago.  When plaintiff moved to compel discovery, defendants

-5-

ignored the motion.  Likewise, when the Secretary moved for the imposition of sanctions, defendants ignored the motion and failed to appear at the motion hearing.  Defendants then ignored the court's sanctions order.  That order imposed only a default, not a default judgment.  A responsible party faced with such a sanction would have complied with its discovery obligations and then moved to vacate the default, on whatever terms were equitable.  Instead, defendants persisted in their total boycott of these proceedings.

In these circumstances, it is patent that defendants are acting wilfully and in bad faith. Furthermore, defense counsel has acknowledged that the fault lies with his clients.  Second, the Secretary has been utterly prejudiced by defendants' conduct.  Defendants' ignoring of this proceeding has been complete.  They have provided the Secretary with no written discovery, and the Secretary has been unable to prepare her case in any fashion.  Defendants have derailed the orderly progress of this case towards trial and have deprived the Secretary of any ability to prepare the case on its merits.  Third, defendants were explicitly warned in two orders that violation of the orders could lead to the imposition of sanctions.  Finally, less drastic sanctions have not been effective. Defendants have not paid monetary sanctions, which were designed to induce their voluntary compliance.  In short, defendants have done absolutely nothing to discharge their obligations under the court's orders or the Rules of Civil Procedure.

In the circumstances of this case, the least drastic sanction necessary to prevent prejudice to the Secretary while preserving the orderly progression of this case is a default judgment of liability for all claims set forth in the Secretary's complaint under Rule 37(b)(2)(A)(vi).

**Recommended Disposition**

I recommend that the Secretary's motion for sanctions (docket # 39) be granted and that a default judgment on all liability issues be entered in favor of plaintiff and against all defendants.


Dated:   March 9, 2009                          /s/  Joseph G. Scoville
                                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).